## PROPRIETORS OF LIVERPOOL WHARF *vs.* EDWARD PRESCOTT & another.

If the owners of lots of land are in doubt as to the dividing line between them, and fix the line by an oral agreement, and occupy according to such agreement, no exception lies to an instruction to the jury that " although the presumption is that such was the true line, yet if it could be shown not to be so, such oral agreement and occupation would not bind the parties nor fix their rights, unless the line had been adhered to for the full term of twenty years."

If a boundary line has been erroneously run between adjoining owners of land, without fraud, and under a mutual mistake, there being no determination of the line by arbitration or other judicial decision, one owner is not estopped from claiming his land to the true line, because the other has with his knowledge erected buildings or incurred expense in consequence of the mistake.

WRIT OF ENTRY to recover a narrow strip of land in Boston, situated between Broad Street and Boston Harbor.

At the second trial in the superior court, before *Russell,* J.,

after the decision reported in 4 Allen, 22, the tenants introduced evidence tending to show that a line was agreed upon between James B. Richardson, the agent of the plaintiffs, and the defendants, about twenty years before the commencement of this action, and was mutually adopted as the correct one, and built upon accordingly with the acquiescence of the demandants, until some time in 1858 or 1860, when they claimed that the tenants' building was over their line, and notified them of this claim in writing, but made no other interruption of the tenants' possession. The tenants asked the court to instruct the jury that if they found that Richardson was duly authorized to act in the premises and in the capacity contended for by the tenants, and gave to the tenants the line referred to, as the true line, with knowledge or with reason to believe that they were going to erect a building upon it and make expensive outlays, and the tenants did then, with the knowledge of the demandants' agent, adopt the line thus given, and, relying upon it, proceed at once to make the erections and outlays contemplated, the demandants' agent seeing and knowing it, and standing by without making any objection or giving notice, the demandants would now be bound by this line, and estopped to deny the boundary. The judge declined so to rule, and instructed the jury that the fact that an agent of the demandants acted as above in good faith would not estop them from claiming the true line.

Another ruling of the judge is sufficiently stated in the opinion. The jury returned a verdict for the demandants, and the tenants alleged exceptions.

*A. A. Ranney,* for the tenants.

*C. B. Goodrich & J. D. Bryant,* for the demandants.

Hoar, J. 1. The first instruction to which the tenants have taken exception was correct. The jury were instructed that if the parties were in doubt as to a dividing line between them, and fixed the line by a parol agreement, and occupied according to this agreement for twenty years, it would be binding on the parties, and would settle their rights. This instruction was given without objection. But they were further instructed "that although the presumption was that such was

the true line, yet if it could be shown not to be so, such oral agreement and occupation would not bind the parties nor fix their rights, unless the line had been adhered to for the full term of twenty years ; " and to this exception was taken. The only error suggested by counsel at the argument is, that the jury might have understood the phrase " adhered to " as implying the continued agreement of both parties to the occupation; and that any objection made by the demandants, within the twenty years, would prevent the tenants from acquiring a title by adverse possession, although they might have occupied peaceably up to the line, under a claim of right. We do not think the language used would bear this construction. The second sentence is merely the counterpart of the former; and the court obviously meant no more than this, that while twenty years' occupation under a parol agreement as to boundary would be conclusive, less than twenty years would not. All that " adhering to the line " would express in that connection, was the occupation according to it which had just been mentioned.

2. The remaining exception raises this question : Whether, if a boundary line has been erroneously run between adjoining owners of land, without fraud, and under a mutual mistake, there being no determination of the line by arbitration or other judicial decision, one party is estopped from claiming his land to the true line, because the other has, with his knowledge, erected buildings or incurred expense in consequence of the mistake ?

We are of opinion that it was rightly held at the trial that there is no estoppel under such circumstances. There is nothing in the case to show that there was any " standing by," and permitting the expenses to be incurred without notice, which was the case put in *Thayer* v. *Bacon*, 3 Allen, 165. The parties did not even undertake to fix a doubtful line by agreement, but only to point the true boundary as fixed by the deed. The authority of *Tolman* v. *Sparhawk*, 5 Met. 469, is therefore direct and conclusive.

The case chiefly relied on by the tenants, *Kellogg* v. *Smith*, 7 Cush. 375, is wholly different. There the line in question had

been referred to as a fixed boundary, and adopted as such for more than a hundred years; and the decision did not rest on the point of estoppel. There being no title acquired by adverse possession, and no estoppel, there should be judgment on the verdict. *Exceptions overruled.*